IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3123 |
| vs. | SUPPLEMENTAL TENTATIVE FINDINGS |
| JAIME FRANCISCO BARRAZA, | |
| Defendant. | |

The defendant has objected to the presentence report insofar as it concludes that the defendant is not eligible for safety valve relief pursuant to U.S.S.G. § 5C1.2, and the resulting two-level reduction in the offense level pursuant to U.S.S.G. § 2D1.1(b)(16). Filing 34. In the Court's tentative sentencing findings (filing 39), the Court indicated that the defendant's objection would be resolved at sentencing. The parties have asked the Court to provide more specific guidance regarding the safety valve, and the Court directed them to brief the matter. Filing 41. Based on the parties' briefs (filings 42 and 43), the Court's tentative finding is that the defendant is not currently eligible for safety valve relief.

The parties dispute whether the defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *See* § 5C1.2(a)(5); *see also* 18 U.S.C. § 3553(f)(5). The issue, as framed by the defendant, is that the defendant's "safety valve eligibility turns on whether any criminal conduct occurring after the offense of conviction may constitute conduct 'concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan' as the conspiracy alleged in the indictment." Filing 42 at 1. Or, in simpler terms: does the scope of § 5C1.2(a)(5) extend to conduct beyond the timeframe of the indictment? The Court concludes it does.

It is important to note that § 5C1.2(a)(5) and § 3553(f)(5) track language from the definition of "relevant conduct" used to determine the Guidelines range pursuant to U.S.S.G. § 1B1.3(a)(2): acts and omissions "that were part of the same course of conduct or common scheme or plan" as the offense of conviction. *See United States v. Gambino*, 106 F.3d 1105, 1111 (2d Cir. 1997), *see also* § 5C1.2 cmt. n.1. And that definition is "relatively broad." *See United States v. Hernandez*, 712 F.3d 407, 410 (8th Cir. 2013).

Neither § 5C1.2(a)(5) nor § 1B1.3(a)(2) circumscribe a course of conduct, or a common scheme or plan, from continuing after the timeframe of the

crimes alleged in an indictment. And, in fact, courts have found conduct taking place outside the scope of the indictment—and even after the defendant's arrest and indictment—to be "relevant conduct" within the meaning of § 1B1.3(a)(2). *See United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006); *see also, e.g., In re Sealed Case*, 498 Fed. Appx. 49, 49 (D.C. Cir. 2013); *United States v. Boutte*, 321 Fed. Appx. 342, 343-44 (5th Cir. 2009) (citing *United States v. Brummett*, 355 F.3d 343, 344-45 (5th Cir. 2003)); *United States v. Payne*, 226 F.3d 792, 796 (7th Cir. 2000); *United States v. Kidd*, 12 F.3d 30, 33-34 (4th Cir. 1993); *United States v. Mak*, 926 F.2d 112, 115-16 (1st Cir. 1991); *but see Krecht v. United States*, 846 F. Supp. 2d 1268, 1285 (S.D. Fla. 2012). The Court sees no basis to distinguish the substantially identical language of § 5C1.2(a)(5), and determines that a "course of conduct" or "common scheme or plan" may include conduct occurring after the timeframe of the indictment, although the time interval between the offenses may be considered in determining whether subsequent conduct is "relevant conduct" within the meaning of the Guidelines. *See* § 1B1.3 cmt. n.9.

Factors to be applied in determining whether conduct is "relevant conduct" include temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the allegedly relevant conduct is used to prove the instant offense. *See Hernandez*, 712 F.3d at 409; *see also* § 1B1.3 cmt. n.9. And it is important to note that the defendant has the burden to show affirmatively that he has satisfied each requirement for the safety value, including whether truthful information and evidence have been given to the government. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005).

In other words, with respect to the safety valve, it is the defendant who bears the burden of demonstrating that undisclosed information or evidence did not concern relevant conduct. And here, the defendant has not (yet) met that burden. It is not entirely clear from the defendant's briefs, but the sequence of events suggested by the defendant is as follows:

> While serving the government as a proactive informant, [the defendant] began accumulating information he believed would be useful to the government. However, [the defendant] also engaged in drug transactions with certain individuals including his mother . . . . Eventually task force officers learned of [the defendant]'s activities through other informants and had no further contact with [him] until [his] arrest in October, 2012.
>
> In November, 2012, [the defendant] once again proffered to task force members about his proactive informant activities including his involvement in certain drug transactions. During this proffer, [he] claimed he had disclosed all his drug transaction

> activity while operating as a proactive informant. But following a
> failed polygraph exam in December, 2012, [he] admitted he had
> participated in drug activities not previously disclosed to
> investigators during the November proffer.

Filing 37 at 2-3. What the defendant does not directly address is whether he ever provided the government with all the information and evidence about the drug activities that he admitted after the December polygraph but had not disclosed in the November proffer. It is the defendant's burden to demonstrate that he provided that information and evidence, and he has not even clearly stated (much less proven) that he did. In the alternative, the defendant could try to prove that the drug activities at issue were not relevant conduct to the offense of conviction. But there is nothing present in the record at this time that provides such proof. And the government represents that the defendant has not even provided complete information and evidence with respect to the charged conspiracy, which the government now contends extended beyond the time alleged in the indictment. Filing 43 at 4. The defendant has done nothing, thus far, to prove otherwise.

In sum, based on the present record, the Court's tentative finding is that the defendant has not proven his eligibility for the safety valve. But as the Court has previously noted, *see* filing 39 at 2, the safety valve is available so long as the government receives the information no later than the time of the sentencing hearing, even if a defendant's last-minute move to cooperate is a complete about-face. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 n.3 (8th Cir. 2010); *see also*, *United States v. Morones*, 181 F.3d 888, 891 (8th Cir. 1999); *United States v. Tournier*, 171 F.3d 645, 646-47 (8th Cir. 1999). Whether the defendant could become eligible for the safety valve with another disclosure before sentencing is a matter the Court does not address.

IT IS SO ORDERED.

Dated this 16th day of May, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

- 3 -